**Harry W. ROBERTS, Jr., Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 89-SC-275-KB.**

Supreme Court of Kentucky.

June 8, 1989.

John F. Carroll, Alagia, Day, Marshall, Mintmire & Chauvin, Louisville, Harry W. Roberts, Jr., Clay Street, Clinton, for movant.

Bruce K. Davis, Executive Director, Kentucky Bar Ass'n, Barbara S. Rea, Asst. Bar Counsel, Kentucky Bar Ass'n, Frankfort, for respondent.

STEPHENS, Chief Justice.

Harry W. Roberts, Jr., has made a motion for an order permitting him to withdraw from membership in the Kentucky Bar Association, and to resign his license to practice law in this Commonwealth for a period of six (6) months. The KBA has no objection to what Roberts seeks, but requests this Court to include a brief recitation of the unethical and unprofessional conduct by Roberts in this order.

Roberts' conduct which led to the disciplinary action was in connection with the operation of the National Investment and Finance Company, Inc., (National), and his relationship with a Mr. Keith Akin, a bankrupt. Akin's bankruptcy petition named National as a creditor. The bankruptcy court voided certain transfers of realty from Akin to National that were made before Akin filed for bankruptcy. Some of those transfers were made while Roberts was the sole owner of National. Roberts had drafted numerous deeds of conveyance which the bankruptcy judge found were made without adequate consideration to defeat the claims of Akin's creditors.

Roberts acquired all of the National stock in payment of a $25,000 personal note with interest given to Roberts by Akin.

Roberts allowed Akin to remain as president of National, and to operate its business and draw from company funds in lieu of a salary.

Roberts knew that Akin had personally borrowed $360,000 which was secured by National's assets upon representation by Akin that it would be repaid within ninety days. It was not repaid by that time.

THEREFORE, IT IS HEREBY ORDERED as follows:

(1) Movant shall immediately resign his membership in the Kentucky Bar Association, and surrender his license to practice law in this Commonwealth, and shall not file an application for reinstatement for a period of six (6) months from the date of the entry of this order;

(2) Movant shall be responsible for the payment of the costs of the disciplinary investigation and proceedings in accordance with SCR 3.450; and

(3) Movant shall promptly comply with the notice provisions within SCR 3.390.

All concur.